MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------X

GERARDO TEPOX GUTIERREZ (A/K/A
ALEX TEPOX), LORENZO ANTONIO
BRAVO BRAVO, and SANTOS TARAX,
*individually and on behalf of others similarly*
*situated,*

                               *Plaintiffs*,

           -against-

300 WEST 46TH ST. CORP. (D/B/A
BRASSERIE ATHENEE), SOTIRIOS
KARAMOUZIS, and CHRISTOS DOE,

                               *Defendants.*

-----------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

       Plaintiffs Gerardo Tepox Gutierrez (a/k/a Alex Tepox), Lorenzo Antonio Bravo Bravo, and

Santos Tarax, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by

and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief,

and as against 300 West 46th St. Corp. (d/b/a Brasserie Athenee), ("Defendant Corporation"),

Sotirios Karamouzis and  Christos Doe, ("Individual Defendants"), (collectively, "Defendants"),

allege as follows:

<u>**NATURE OF ACTION**</u>

    1.      Plaintiffs are both current and former employees of Defendants 300 West 46th St.

Corp. (d/b/a Brasserie Athenee), Sotirios Karamouzis, and Christos Doe.

2.     Defendants own, operate, or control a Greek restaurant, located at 300 West 46th Street, New York, New York 10036 under the name "Brasserie Athenee".

3.     Upon information and belief, individual Defendants Sotirios Karamouzis and Christos Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.     Plaintiffs have been employed as busboys and food runners at the restaurant located at 300 West 46th Street, New York, New York 10036.

5.     Plaintiffs have ostensibly been employed as busboys and food runners. However, they have been required to spend a considerable part of their work day performing non-tipped duties, including but not limited to buying things for the store, buying lottery tickets and cigarettes for the owner, stocking wine in the basement, bringing things up from the basement for the bartender and cooks, cleaning the tables, utensils, the floors, and the bathrooms, setting up the tables, bringing up the cups, bringing water to the tables, making coffee, folding napkins, performing inventory, stocking deliveries and getting change from a nearby deli, hereafter the ("non-tipped duties").

6.     At all times relevant to this Complaint, Plaintiffs have worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that they have worked.

7.     Rather, Defendants have failed to maintain accurate recordkeeping of the hours worked, have failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.     Furthermore, Defendants have repeatedly failed to pay Plaintiffs wages on a timely basis.

9.      Defendants have employed and accounted for Plaintiffs as busboys and food runners in their payroll, but in actuality their duties have required a significant amount of time spent performing non-tipped duties alleged above.

10.     Regardless, at all relevant times, Defendants have paid Plaintiffs at a rate that is lower than the required tip-credit rate.

11.     However, under both the FLSA and NYLL, Defendants are not entitled to take a tip credit because Plaintiffs' non-tipped duties have exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

12.     Upon information and belief, Defendants have employed the policy and practice of disguising Plaintiffs' actual duties in payroll records by designating them as busboys and food runners instead of non-tipped employees. This has allowed Defendants to avoid paying Plaintiffs at the minimum wage rate and has enabled them to pay them at the lower tip-credit rate (which they still have failed to do).

13.     In addition, Defendants have maintained a policy and practice of unlawfully appropriating Plaintiffs' and other tipped employees' tips and have made unlawful deductions from these Plaintiffs' and other tipped employees' wages.

14.     Defendants' conduct has extended beyond Plaintiffs to all other similarly situated employees.

15.     At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

16.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

17.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

19.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Greek restaurant located in this district. Further, Plaintiffs have been employed by Defendants in this district.

## PARTIES

### *Plaintiffs*

20.     Plaintiff Gerardo Tepox Gutierrez (a/k/a Alex Tepox) ("Plaintiff Tepox" or "Mr. Tepox") is an adult individual residing in Queens County, New York.

21.     Plaintiff Tepox has been employed by Defendants at Brasserie Athenee from approximately 2008 until the present date.

22.     Plaintiff Lorenzo Antonio Bravo Bravo ("Plaintiff Bravo" or "Mr. Bravo") is an adult individual residing in Queens County, New York.

23.     Plaintiff Bravo was employed by Defendants at Brasserie Athenee from approximately January 2018 until on or about April 29, 2018.

24.     Plaintiff Santos Tarax ("Plaintiff Tarax" or "Mr. Tarax") is an adult individual residing in Bronx County, New York.

25.     Plaintiff Tarax has been employed by Defendants at Brasserie Athenee from approximately August 2016 until the present date.

*Defendants*

26.     At all relevant times, Defendants own, operate, or control a Greek restaurant, located at 300 West 46th Street, New York, New York 10036 under the name "Brasserie Athenee".

27.     Upon information and belief, 300 West 46th St. Corp. (d/b/a Brasserie Athenee) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 300 West 46th Street, New York, New York 10036.

28.     Defendant Sotirios Karamouzis is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Sotirios Karamouzis is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Sotirios Karamouzis possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

29.    Defendant Christos Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Christos Doe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Christos Doe possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

30.    Defendants operate a Greek restaurant located in the Midtown West section of Manhattan in New York City.

31.    Individual Defendants, Sotirios Karamouzis and Christos Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

32.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

33.    Each Defendant has possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

34.    Defendants jointly have employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

35.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

36.     Upon information and belief, Individual Defendants Sotirios Karamouzis and Christos Doe operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of their own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

37.     At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants have had the power to hire and fire Plaintiffs,

have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for Plaintiffs' services.

38.    In each year from 2012 to the present date, Defendants have, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

39.    In addition, upon information and belief, Defendants and/or their enterprise have been directly engaged in interstate commerce. As an example, numerous items that are used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

40.    Plaintiffs are both current and former employees of Defendants who ostensibly have been employed as busboys and food runners. However, they have spent over 20% of each shift performing the non-tipped duties described above. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Gerardo Tepox Gutierrez (a/k/a Alex Tepox)*

41.    Plaintiff Tepox has been employed by Defendants from approximately 2008 until on or about 2011 and then from approximately June 2012 until the present date.

42.    Defendants have ostensibly employed Plaintiff Tepox as a busboy and a food runner.

43.    However, Plaintiff Tepox has also been required to spend a significant portion of his work day performing the non-tipped duties described above.

44.    Although Plaintiff Tepox has ostensibly been employed as a busboy and a food runner, he has spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

45.     Plaintiff Tepox has regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

46.     Plaintiff Tepox's work duties have required neither discretion nor independent judgment.

47.     Throughout his employment with Defendants, Plaintiff Tepox has regularly worked in excess of 40 hours per week.

48.     From approximately June 2012 until on or about March 2017, Plaintiff Tepox worked as a busboy and a food runner from approximately 4:00 p.m. until on or about 12:00 a.m., Mondays through Thursdays and from approximately 7:00 a.m. until on or about 4:00 p.m., Saturdays and Sundays (typically 50 hours per week).

49.     From approximately April 2017 until the present date, Plaintiff Tepox has worked as a busboy and a food runner from approximately 4:00 p.m. until on or about 12:00 a.m., Sundays, Mondays, Wednesdays, and Thursdays and from approximately 4:00 p.m. until on or about 1:00 a.m., Fridays and Saturdays (typically 50 hours per week).

50.     In the months of November and December of each year from 2012 until 2017, Plaintiff Tepox worked from approximately 4:00 p.m. until on or about 12:00 a.m. Mondays through Thursdays, from approximately 4:00 p.m. until on or about 1:00 a.m. on Fridays, and from approximately 7:00 a.m. until on or about 4:00 p.m. Saturdays and Sundays (typically 59 hours per week).

51.     Throughout his entire employment, Defendants have paid Plaintiff Tepox his wages in cash.

52.     From approximately June 2012 until the present date, Defendants have paid Plaintiff Tepox a fixed salary of $20 per day.

53.     Plaintiff Tepox's pay has never varied even when he has been required to stay later or work a longer day than his usual schedule.

54.     For example, Defendants have required Plaintiff Tepox to work an additional 1 hour past his scheduled departure time four days a week, and have not paid him for the additional time he worked.

55.     Although Plaintiff Tepox has been granted a meal period, it has been constantly interrupted.

56.     Nevertheless, Defendants have deducted approximately $15.00 per week from Plaintiff Tepox's weekly paycheck for meals he has never eaten.

57.     Plaintiff Tepox has never been notified by Defendants that his tips are being included as an offset for wages.

58.     Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Tepox's wages.

59.     Defendants withheld a portion of Plaintiff Tepox's tips; specifically, from approximately 2016 until on or about 2017, a manager by the name Christos of pocketed a percentage of the tips Plaintiff Tepox earned.

60.     For some periods of time during his employment with defendants, Plaintiff Tepox was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

61.     No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Tepox regarding overtime and wages under the FLSA and NYLL.

62.     Defendants have never provided Plaintiff Tepox an accurate statement of wages, as required by NYLL 195(3).

63.     In fact, Defendants have adjusted Plaintiff Tepox's paystubs so that they reflected inaccurate wages and hours worked.

64.     Defendants have never given any notice to Plaintiff Tepox, in English and in Spanish (Plaintiff Tepox's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

65.     Defendants have required Plaintiff Tepox to purchase "tools of the trade" with his own funds—including five pairs of pants, ten shirts per year, and five pairs of shoes.

*Plaintiff Lorenzo Antonio Bravo Bravo*

66.     Plaintiff Bravo was employed by Defendants from approximately January 2018 until on or about April 29, 2018.

67.     Defendants ostensibly employed Plaintiff Bravo as a busboy.

68.     However, Plaintiff Bravo was also required to spend a significant portion of his work day performing the non-tipped duties described above.

69.     Although Plaintiff Bravo ostensibly was employed as a busboy, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

70.     Plaintiff Bravo regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

71.     Plaintiff Bravo's work duties required neither discretion nor independent judgment.

72.     Throughout his employment with Defendants, Plaintiff Bravo regularly worked in excess of 40 hours per week.

73.     From approximately January 2018 until on or about April 29, 2018, Plaintiff Bravo worked as a busboy from approximately 7:00 a.m. until on or about 4:30 p.m., six days a week (typically 57 hours per week).

74.     Throughout his entire employment, Defendants paid Plaintiff Bravo his wages by check.

75.     From approximately January 2018 until on or about April 29, 2018, Defendants paid Plaintiff Bravo $8.65 per hour.

76.     Plaintiff Bravo's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

77.     For example, Defendants required Plaintiff Bravo to work an additional one hour past his scheduled departure time six days a week, and did not pay him for the additional time he worked.

78.     Defendants never granted Plaintiff Bravo any breaks or meal periods of any kind.

79.     Plaintiff Bravo was never notified by Defendants that his tips were being included as an offset for wages.

80.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Bravo's wages.

81.     Plaintiff Bravo was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

82.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Bravo regarding overtime and wages under the FLSA and NYLL.

83.     Defendants did not provide Plaintiff Bravo an accurate statement of wages, as required by NYLL 195(3).

84.     In fact, Defendants adjusted Plaintiff Bravo's paystubs so that they reflected inaccurate wages and hours worked.

85.     Defendants did not give any notice to Plaintiff Bravo, in English and in Spanish (Plaintiff Bravo's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

86.     Defendants required Plaintiff Bravo to purchase "tools of the trade" with his own funds—including uniforms.

*Plaintiff Santos Tarax*

87.     Plaintiff Tarax has been employed by Defendants from approximately August 2016 until the present date.

88.     Defendants have ostensibly employed Plaintiff Tarax as a busboy and a food runner.

89.     However, Plaintiff Tarax has also been required to spend a significant portion of his work day performing the non-tipped duties described above.

90.     Although Plaintiff Tarax has ostensibly been employed as a busboy and a food runner, he has spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

91.     Plaintiff Tarax has regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

92.     Plaintiff Tarax's work duties have required neither discretion nor independent judgment.

93.     Throughout his employment with Defendants, Plaintiff Tarax has regularly worked in excess of 40 hours per week.

94.     From approximately August 2016 until the present date, Plaintiff Tarax has worked as a busboy and a food runner from approximately 4:00 p.m. until on or about 1:00 a.m., six days a week (typically 54 hours per week).

95.     In the months of November and December of each year from approximately 2016 until 2017, Plaintiff Tarax worked from approximately 4:00 p.m. until on or about 1:00 a.m. seven days a week (typically 63 hours per week).

96.     Throughout his entire employment, Defendants have paid Plaintiff Tarax his wages in cash.

97.     From approximately August 2016 until the present date, Defendants have paid Plaintiff Tarax a fixed salary of $20 per day.

98.     Plaintiff Tarax's pay has never varied even when he has been required to stay later or work a longer day than his usual schedule.

99.     For example, Defendants have required Plaintiff Tarax to work an additional one hour past his scheduled departure time six or seven days a week, and have not paid him for the additional time he has worked.

100.    Defendants have never granted Plaintiff Tarax any breaks or meal periods of any kind.

101.    Plaintiff Tarax has never been notified by Defendants that his tips are being included as an offset for wages.

102.    Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Tarax's wages.

103.    Defendants withheld a portion of Plaintiff Tarax's tips; specifically, from approximately 2016 until on or about 2017, a manager by name Christos pocketed a percentage of the tips Plaintiff Tarax earned.

104.    No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Tarax regarding overtime and wages under the FLSA and NYLL.

105.    Defendants have never provided Plaintiff Tarax an accurate statement of wages, as required by NYLL 195(3).

106.    In fact, Defendants have adjusted Plaintiff Tarax's paystubs so that they reflected inaccurate wages and hours worked.

107.    Defendants have never given any notice to Plaintiff Tarax, in English and in Spanish (Plaintiff Tarax's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

108.    Defendants have required Plaintiff Tarax to purchase "tools of the trade" with his own funds—including two aprons and three shirts.

*Defendants' General Employment Practices*

109.    At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage and overtime compensation as required by federal and state laws.

110.    Plaintiffs have been victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they have been owed for the hours they have worked.

111.    Defendants' pay practices have resulted in Plaintiffs not receiving payment for all their hours worked, and resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

112.    Defendants have habitually required Plaintiffs to work additional hours beyond their regular shifts but have not provided them with any additional compensation.

113.    Defendants have required Plaintiffs to perform general non-tipped tasks in addition to their primary duties as busboys and food runners. These Plaintiffs and all similarly situated employees, have ostensibly been employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-tipped duties.

114.    These Plaintiffs and all other tipped workers have been paid at a rate that is lower than the lower tip-credit rate by Defendants.

115.    However, under state law, Defendants are not entitled to a tip credit because the tipped worker's and these Plaintiffs' non-tipped duties exceed 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

116.    New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

117.    The busboys' and food runners' duties have not been incidental to their occupation as tipped workers, but instead have constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

118.    In violation of federal and state law as codified above, Defendants have classified these Plaintiffs and other tipped workers as tipped employees, and have paid them at a rate that is lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

119.    Defendants have failed to inform Plaintiffs who received tips that Defendants intend to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

120.    Defendants have failed to inform Plaintiffs who received tips, that their tips are being credited towards the payment of the minimum wage.

121.    Defendants have failed to maintain a record of tips earned by Plaintiffs who have worked as busboys and food runners for the tips they received.

122.    As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs who have received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice has included depriving Plaintiffs of a portion of the tips earned during the course of employment.

123.    Defendants have unlawfully misappropriated charges purported to be gratuities received by Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

124.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

125.    Plaintiffs Tepox and Taraz have been paid their wages in cash while Plaintiff Bravo was paid his wages by check.

126.    Defendants have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

127.    Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

128.    Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

129.    Defendants' unlawful conduct is intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

130.    Defendants have failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

131.    Defendants have failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

132.    Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

133.    At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA.

134.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

135.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

136.    At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants have had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

137.    At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

138.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

139.    Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

140.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate is willful within the meaning of 29 U.S.C. § 255(a).

141.    Plaintiffs (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

142.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

143.    Defendants, in violation of 29 U.S.C. § 207(a)(1), have failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

144.    Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation has been willful within the meaning of 29 U.S.C. § 255(a).

145.    Plaintiffs (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

146.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

147.    At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants have had the power to hire and fire

Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

148.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiffs less than the minimum wage.

149.     Defendants' failure to pay Plaintiffs the minimum wage is willful within the meaning of N.Y. Lab. Law § 663.

150.     Plaintiffs have been damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

151.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

152.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, have failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

153.     Defendants' failure to pay Plaintiffs overtime compensation is willful within the meaning of N.Y. Lab. Law § 663.

154.     Plaintiffs have been damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

155.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

156.    Defendants have failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

157.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

158.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

159.    With each payment of wages, Defendants have failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

160.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

161.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

162.    Defendants have required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

163.    Plaintiffs have been damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

## OF THE NEW YORK LABOR LAW

164.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

165.    At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

166.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

167.    Defendants have unlawfully misappropriated a portion of Plaintiffs' tips that have been received from customers.

168.    Defendants have knowingly and intentionally retained a portion of Plaintiffs' tips in violations of the NYLL and supporting Department of Labor Regulations.

169.    Plaintiffs have been damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

### OF THE NEW YORK LABOR LAW

170.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

171.    At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

172.    Defendants have made unlawful deductions from wages of Plaintiffs (and the FLSA class) including, but not limited to, deductions for meal breaks Plaintiffs were not permitted to and did not take.

173.    The deductions made from wages of Plaintiffs' and the members of the FLSA class were not authorized or required by law.

174.    Through their knowing and intentional efforts to take unauthorized deductions from the wages of Plaintiffs' and the members of the FLSA class, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

175.    Plaintiffs have been damaged in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

176.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

177.    Defendants have not paid Plaintiffs on a regular weekly basis, in violation of NYLL §191.

178.    Defendants are liable to each Plaintiff in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)    Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)    Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA are willful as to Plaintiffs and the FLSA Class members;

(f)    Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants have violated the timely payment provisions of the NYLL as to Plaintiffs;

(k)     Declaring that Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law have been willful as to Plaintiffs;

(m)     Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(n)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York

May 11, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

Employment and Litigation Attorneys

One Grand Central Place
60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620
Email: Faillace@employmentcompliance.com

April 30, 2018

BY HAND

To: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. (Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes).

Name / Nombre:                     Gerardo Tepox Gutierrez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      April 30, 2018

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

April 30, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                         Lorenzo Antonio Bravo Bravo

Legal Representative / Abogado:        Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                          30 de abril de 2018

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

April 16, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Santos Tarax

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     16 de abril de 2018

*Certified as a minority-owned business in the State of New York*